LARRY D. VAUGHT, Judge
Cody Byrd appeals the Randolph County Circuit Court's order terminating his parental rights to his two children. We affirm.
The Arkansas Department of Human Services (DHS) exercised an emergency hold on Byrd's two children, eighteen-month-old A.B.1 and seven-month-old A.B.2, on June 5, 2017, following a motor-vehicle accident that killed their mother. Byrd was driving at the time of the accident and admitted that he had been drinking whiskey. Moreover, evidence indicated that he had disabled an interlock device that had been installed on his vehicle based on a prior DWI conviction.
On May 21, 2018, DHS filed a petition to terminate Byrd's parental rights alleging that termination was in the children's best interest and was warranted based on five statutory grounds: "failure to remedy" pursuant to Arkansas Code Annotated section 9-27-341(b)(3)(B)(i)(b) (Supp. 2017), "failure to maintain meaningful contact" pursuant to Arkansas Code Annotated section 9-27-341(b)(3)(B)(ii)(a) , "abandonment"
*902 pursuant to Arkansas Code Annotated section 9-27-341(b)(3)(B)(iv), "other subsequent factors" pursuant to Arkansas Code Annotated section 9-27-341(b)(3)(B)(vii)(a) , and "aggravated circumstances" pursuant to Arkansas Code Annotated section 9-27-341(b)(3)(B)(ix)(a) . The circuit court held a termination hearing on August 21, 2018, and subsequently terminated Byrd's parental rights on four grounds.[1] This appeal follows.
We review cases involving the termination of parental rights de novo. Griffin v. Ark. Dep't of Health & Human Servs. , 95 Ark. App. 322, 236 S.W.3d 570 (2006). While we review the factual basis for terminating parental rights under a clearly erroneous standard, no deference is given to the circuit court's decision with regard to errors of law. Id. An order forever terminating parental rights must be based on clear and convincing evidence that termination is in the child's best interest and that a statutory ground for termination exists. Ark. Code Ann. § 9-27-341(b)(3)(A). "Best interest" includes consideration of the likelihood that the juvenile will be adopted and the potential harm caused by returning custody of the juvenile to the parent. Roberts v. Ark. Dep't of Human Servs. , 2016 Ark. App. 226, at 7, 490 S.W.3d 334, 337.
Byrd does not challenge the court's best-interest finding. He challenges only the sufficiency of the evidence supporting the court's finding that the failure-to-remedy and other-subsequent-factors grounds supported termination. We need not reach the merits of his arguments because he has not alleged error in the court's finding that termination was appropriate under two other statutory grounds: failure to maintain meaningful contact and aggravated circumstances. Our case law is clear that an unchallenged ground for termination is sufficient to affirm the statutory-ground element of the court's termination order. Phillips v. Ark. Dep't of Human Servs. , 2018 Ark. App. 565, 567 S.W.3d 502, 508-09. "When an appellant fails to attack the circuit court's independent alternative basis for its ruling, we will not reverse." Id. , 567 S.W.3d at 508.
Affirmed.
Gruber, C.J., and Whiteaker, J., agree.

The court found that DHS had proved all alleged grounds except for abandonment.